## BRENARD MFG. CO. v. WATKINS. (No. 564.)

(Court of Civil Appeals of Texas. Beaumont. June 30, 1920.)

**1. Sales ⚷428—Attempt to cancel order and failure to pay notes promptly held not to preclude defendant buyer's setting up deficiency in sales of goods.**

Where plaintiff contracted to deliver a piano, silverware, and advertising matter, to be given away as prizes in connection with defendant's business, and bound itself, in the event the annual sale of merchandise did not amount to a certain sum, to refund 3 per cent. of the deficiency of such sale, defendant's attempt to cancel the order and failure to accept immediately the shipment upon its arrival and failure to pay notes promptly when they became due, resulting in their being placed in the hands of an attorney, *held* not to be such a material breach of contract as to preclude defendant from setting up as against notes remaining unpaid an amount due him under plaintiff's promise to refund, defendant otherwise having tried in good faith to live up to the terms of the contract and make sales.

**2. Appeal and error ⚷1040(13)—Refusing exceptions to cross-action harmless in view of judgment.**

No complaint can be made on appeal of the action of the trial court in refusing to sustain exceptions to defendant's answer setting up a cross-action, where the court in its judgment allowed nothing to defendant on his cross-action.

**3. Sales ⚷439—Burden of proof on buyer setting up cross-action to show substantial compliance with contract.**

In an action on notes by a seller of a piano, silverware, and advertising matter, to be given away as prizes in connection with defendant's mercantile business, seller agreeing to refund to defendant, in the event the annual sale of merchandise did not amount to a certain sum, 3 per cent. of the deficiency of the sale, defendant had the burden of proof to show a substantial compliance with his part of the contract in order to set up against the amount due on the notes the 3 per cent. of the deficiency in sales.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Suit by the Brenard Manufacturing Company against C. B. Watkins. Judgment for defendant, and plaintiff appeals. Affirmed.

Harris & Harris, of Nacogdoches, for appellant.

S. W. Blount, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This suit was filed in one of the justice of peace courts of Nacogdoches county by the appellant, Brenard Manufacturing Company, a corporation having its domicile in Iowa City, Iowa, against the appellee, C. B. Watkins, who was a merchant doing business in Nacogdoches county. Plaintiff's petition alleged, substantially, that in June, 1914, the defendant, Watkins, executed and delivered to it two notes for $70, each due respectively seven and eight months after their date; that on the 16th of October, 1915, Watkins paid plaintiff the sum of $40, which was credited upon one of the notes, leaving a balance due plaintiff of $100, which Watkins had never paid. The prayer was for judgment for $100 principal, and the interest specified, as well as attorney's fees provided for in said note.

Defendant answered and denied generally that he owed plaintiff anything, and also interposed the following special answer:

"Defendant represents to the court that the two notes sued on were executed by him to the plaintiff, and were two of a series of six notes, aggregating $400, all of which notes were a part of a contract dated June 16, 1914, executed by the defendant and accepted by the plaintiff, by the terms of which contract the plaintiff was to deliver to the defendant certain property consisting of a piano and certain silverware and advertising matter, said piano and silverware to be given away as prizes in connection with defendant's mercantile business, and for which said piano and silverware and advertising matter accompanying same this defendant was to pay the plaintiff $400, as evidenced by his six notes aggregating that amount, all of which have been paid except two notes sued upon; that by the terms of said contract and also by the terms of a bond guaranteeing said contract executed by the plaintiff to this defendant the said plaintiff agreed, promised, and bound itself as a part of said contract that, in the event the annual sale of merchandise by this defendant for the 12 months succeeding said contract did not amount to as much as $12,000, then the said plaintiff would refund to this defendant 3 per cent. of

the deficiency of said sale—that is to say, 3 per cent. of the difference between $12,000 and the real amount of defendant's sale of merchandise made by defendant during said 12 months.

"Defendant alleges that in truth and in fact the total of his said sales of merchandise during said 12 months was $2,646; that the difference between said amount and $12,000 is $9,-354; that 3 per cent. of said $9,354 is $280.62, and that by the terms of said contract defendant was due to pay the plaintiff $119.38, and was entitled to a refund from the plaintiff if said notes had been wholly paid of the sum of $280.62; that in truth and in fact four of said notes were paid, aggregating $300; and that defendant is entitled to a refund of $180.62 on the $300 paid, and the cancellation of the two notes sued upon."

Defendant prayed that the plaintiff be allowed to take nothing by its suit, and that defendant have judgment for $180.62, claimed as a refund under the contract above pleaded.

In the justice court trial was had without a jury, and resulted in a judgment to the effect that plaintiff take nothing by its suit, and that the defendant upon his cross-action recover against plaintiff the sum of $70. Plaintiff appealed to the county court of Nacogdoches county, and upon a trial in that court without a jury judgment was rendered to the effect that plaintiff take nothing by its suit as against the defendant, and that defendant recover nothing on his cross-action as against the plaintiff, with costs adjudged against the plaintiff. From that judgment the plaintiff, Brenard Manufacturing Company, prosecutes this appeal.

The first assignment of error in appellant's brief is as follows:

"The court erred in rendering judgment against plaintiff because the judgment rendered by the court is error, and not in accord with law and contrary to the facts adduced upon the trial, in this: That the evidence shows that defendant executed his two promissory notes in the sum of $70 each, payable to the plaintiff, as evidenced by their contention, and that he executed a contract upon which the notes were based, which contract was shown by the evidence to have been breached by the defendant in its terms, in this: That he attempted to cancel and countermand the order, specified in the contract, contrary to the terms of the contract; that he failed to promptly make reports as required by the contract, in contradiction of its terms; that he failed to promptly discharge and pay off the notes executed by him as in the contract provided; that judgment therefor should have been for the plaintiff in the amount sued for."

The proposition under this assignment is as follows:

Where the evidence shows an open violation of the terms of a written contract, it is the duty of the court to render judgment for the plaintiff in the sum still due upon the contract.

The contract entered into between the parties upon which the notes here sued on were based was substantially as pleaded by defendant in his answer above quoted. It will therefore be unnecessary to make a further statement showing the provisions of the contract.

The trial court filed findings of fact and conclusions of law, and, after showing what the contract was between the parties, he further found as follows:

"I further find that defendant executed six notes, aggregating $400; that they were all paid except the $70 notes included in this suit."

"I find that defendant substantially complied with the terms of the contract between plaintiff and defendant."

The court concluded as a matter of law that the plaintiff was not entitled to recover, since under the contract plaintiff obligated itself that, if 3 per cent. of the gross sales did not amount to $400 for the 12 months specified in the contract, it would pay the defendant the difference. The court, however, concluded also, as a matter of law, that the defendant was not entitled to recover on his cross-action against the plaintiff, for the reason that he paid all the notes executed in favor of the plaintiff, other than the $100 due on the last two notes, with knowledge on his part at the time of payment of the terms of the contract by which he was entitled to a refund, and that therefore defendant had waived his right to credit for this amount.

[1] We shall not take time to go into a detailed statement or discussion of the contentions made by appellant for reversal of the trial court's judgment. We have read the entire record carefully, and have reached the conclusion that the trial court was warranted in its finding of fact to the effect that there had been no material breach of the contract on the part of the defendant, as claimed by the plaintiff, and that, since 3 per cent. of the sales made by defendant, as specified in the contract, did not amount to $400, the plaintiff was not, in law or equity, entitled to recover anything in this suit as against the defendant. It is true the evidence was sufficient to show that defendant did seek to cancel the order after it was given, and that he did not accept the shipment immediately upon its arrival, but his attempt to cancel the order and his failure to accept immediately the shipment upon its arrival would not, in any material respect, breach his contract. He did, within a very short time after the arrival of the shipment, accept it, and the testimony shows, in our opinion, that he tried in good faith to live up to the terms of the contract and make sales, and tried every way he reasonably could to carry out and perform his part of the contract, but that he was unable to make the amount of sales, as was contemplated by the parties at the time the contract was made.

Indeed, there is no contention by appellant, in the assignments before the court, that there was any lack of diligence or good faith on the part of appellee in his efforts to sell appellant's goods, as appellee had contracted to do. It is also true that he did not pay the notes promptly when they became due, and that they were placed in the hands of an attorney, but there is not a word to indicate that the failure to pay the notes promptly as they matured tended in the least to a material breach of the contract.

[2] The second assignment of error complains substantially of the action of the trial court in refusing to sustain exceptions to appellee's answer setting up cross-action against appellant. This matter became immaterial in view of the court's judgment allowing nothing to defendant on his cross-action. The first and second assignments are overruled.

[3] The third assignment is substantially to the effect that the burden of proof was upon the defendant to show that he performed his contract with plaintiff; and that the evidence clearly showed the failure on his part to so perform such contract. What we have said with reference to the first assignment substantially disposes of this, and it is overruled. In connection with the third assignment, appellant cites, as sustaining the legal proposition, the case of Brenard Manufacturing Co. v. Bennett, 210 S. W. 990. So far as the legal proposition is concerned, the burden of proof was upon the appellee in this case to show a substantial compliance with his part of the contract upon which the notes sued on by plaintiff were based. What we hold is that the evidence was reasonably sufficient to warrant the trial court in concluding that there was a substantial compliance by defendant with the contract. We shall not discuss the decision in the case above cited by appellant, but it will be found, on examination of that case, that the court held that the evidence showed conclusively a failure on the part of Bennett to comply with his contract in very material respects.

All assignments are overruled, and the judgment affirmed.